Case number 18-7102, Ronald Eugene Dubery et al., District of Columbia Appellant. Ms. Wilson for the appellant, Mr. Page for the applicant. Good morning. Good morning, and if it pleases the court, I'm Mary Wilson representing the District of Columbia. I'd like to reserve two minutes for rebuttal. The district is entitled to judgment in this case because the plaintiffs failed to establish entitlement to the right actually at issue in this appeal, the right to concealed carry under the terms of LEOSA. Wait, wait, what do you mean by that? Because I'm not sure what this fight is about. I thought their claim was, and they make some explicit disclaimers, I thought their claim was, they have a right entitlement, it was in dispute before because it was a fight over how you define law enforcement officers, sent it back, district court agreed, there's no contest, district court rendered no decision on whether and how you get an identification, and you're challenging what? Dubarry 1 said that the plaintiffs have an enforceable cause of action here because they had been denied the ultimate right to carry under the law. The first sentence of the case says, this case is about the right under LEOSA to carry concealed weapons, and the court concluded that they stated a cause of action that they had been denied the right to carry concealed weapons. Subsection A of LEOSA says to have a right to carry, the concealed carry right, you have to meet two criteria. You have to be a qualified retired law enforcement officer, as that is defined in the NIDILSC statute, and you have to carry the identification required by subsection D. Ginsburg. So let's be clear, Dubarry 1, we took the allegations of the complaint as true. Yes, under 12b-6. Now, on remand, you're on summary judgment. Yes. So that is your argument, and the employees have stepped back from each point, if I can put it that way, that you're making, and they point out that the district court has given them the relief they need. But it's not the relief they need to legally carry under LEOSA. Their argument is, they think it is, and they make some representations in their brief, and they say that if they're wrong, as you argue, they are prepared to take the consequences. Yes, but to be entitled to judgment that the District of Columbia violated their statutory right to carry, they have to establish that the district's action interfered with their ultimate right to carry. And they don't have the ultimate right to carry here, because they never established and do not have the agency-issued identification stating that. You look at their brief. You look at the district court's decision. You look at what they asserted to us. The ultimate right to carry is not being played out. The right to an identification is not. In fact, in their first brief to us, they said the statute allows states a limited measure of discretion over LEOSA eligibility in that the state agencies may choose or not to issue the identification cards necessary. District court said, I am not deciding the identification issue. The fight here is whether they meet the four criteria with respect to qualified, retired law enforcement officer. And in footnote eight or nine thereabout, district court makes it absolutely clear. That is all that's being decided, because there was a dispute over that going up to the circuit. It came back down. I'm confirming they now have the certification or what's required by certification. I am not deciding the identification issue. The other side has said, we haven't made that claim. It's not an issue. And if we have to go to the D.C. courts and seek relief, that's the end of their brief. If we have to go to the D.C. courts and seek relief for an agency's failure to follow the law, we'll do that. But all this fight, I don't know why you're fighting this. All this fight is, as far as I can see, on what came to us initially, went back to the district court. And what the district court did is whether or not they satisfied the qualified, retired law enforcement officer criteria. That's all. And they did. But in Dewberry 1, Your Honor, the court cited paragraph 84 of their complaint, which says that, in which they allege they have been deprived of their right to carry concealed weapons under LEOSA. They have not been, the district has not deprived them of that right, because they don't have the requisite IDs. They have only satisfied a portion, sorry. No, you were answering. I mean, there are certain elements of their claim that they have to prove in order to establish that they are entitled to carry, to the concealed carry rate under LEOSA. There are two requirements. That they're qualified retired law enforcement officers, and that they have the IDs. And that's what gives them the ultimate right, and that's what gave them a cause of action under 1983. If they are correct in their assertion, which was their assertion last time around, that's the state's may or may not choose to give an identification. We're not putting that in play. We understand. It wasn't in play because they said they had the IDs. No, they said they had an ID. But I'm reading what they said. The states have a limited measure to grant or not. Whether what they have is good enough is a different question. The real fight, as far as I can read this record, is over qualified retired law enforcement officers because the city's initial position was, they're not really law enforcement officers. And that's- Yes. And you lost it. Yes, we lost it. The court sent it back and said, get it straight. We did not decide the identification issue. And the district court was explicit beyond the pale in saying, I am absolutely not deciding the identification issue. I don't have to decide it. This is only about whether they have an enforceable right. Now they can go and try and exercise that enforceable right. But that's all that I see before me. That's all the district court did. So let me make sure you understand what I'm saying. That's all the judgment of the district court was. The district court did not say they can now go and carry. The district court said, I'm not deciding the identification issue. And the district court knew you have to have an identification, as do they. That was not the issue resolved by the district court. So what is it that you lost in the district court you can now appeal? Well, we have a judgment against us that we violated their rights under LEOSA. That to challenge their claim to qualified retired law enforcement officer status. That's all. But that's merely a status, your honor. Under blessing, a mere status or something less than a right is not enforceable. They can't go to the DC courts and say, they're withholding an identification. And it's unfair because they have no basis to. They can't do it without being able to say, we are qualified law enforcement officers under LEOSA. And here's the judgment that proves it. And so we now have a right to ask for an identification. In other words, what I hear them saying in part is, you may ultimately be right. Right. They are willing to take that chance. I don't know what you think you have to bring to us, given the way this case has been litigated and given their concession that states may or may not issue. And they say at the end of their brief, because they understand the dilemma that they face, having made that concession, we've got to find other ways. We understand on the identification which is separate from the four things you have to show to be a qualified retired law enforcement officer. You lost that issue. Yes, absolutely. We lost the argument as to whether they are qualified retired law enforcement officers. Hear me out now. You conceded what you had to concede. What else do you think you lost that you can now appeal? What else did you lose in the district court? They have not been deprived of their right to conceal and carry. That is the ultimate right that the Dewberry One found. Dewberry One says, the case is about the right to carry. Now you're misreading it. The case is not about- I think that part of the confusion, well, there's lots of confusion here. But I think part of the confusion is that the statute that we're talking about is actually really a statute that provides a defense, that provides really an immunity. Yes. And so it's not a statute that says if you meet certain, all of these elements, then some entity, the federal government or some entity, has to give you a concealed carry license. It really is a statute that says if you meet these requirements, you will have a defense, or you have a right, which is really basically only important if you were ever challenged or arrested or something for carrying a weapon. So that's one thing here. But I think that what we said in Dewberry One, in articulating the right, was that the district can't interfere with their ability to obtain and exercise their right to concealed carry. And to the extent that the district was saying, you're not a qualified law enforcement officer, they were saying that that part of their right, of their LEOSA right, was being violated by the district. Correct. And the district court, the way I read the district court's opinion, is that the district court was saying that it agrees, and so to the extent that it just has to adjudicate the issue of whether they're qualified law enforcement officers, he's adjudicating that in their favor. So my question to you is, what about that ruling was wrong that you want us to review? The plaintiffs were not entitled to summary judgment merely by establishing that they qualified under one of two elements necessary to have the ultimate right to carry. They, there are two. So, I mean, suppose a teacher can't, well, no. I mean, there are two elements. Qualified retired law enforcement officer, and that they have the IDs. And those are both necessary for the ultimate right to carry. And Dewberry One says, by saying they have the IDs, and establishing that they were qualified retired law enforcement officers, they had stated a cause of action that they had the ultimate right to carry. On remand, so the fact that they had IDs was essential to their claim. The fact that they had- Dewberry One does not say they have the ultimate right to carry. It absolutely does not. It says, it says they have an enforceable. I just want to make this point. You were quoting their complaint. They have stepped back from their complaint. And that's why I think some of this is more confusing than it might be. So, you are arguing, don't try to use your DC law enforcement status as a basis for carrying this weapon, concealed, carrying a concealed weapon. And they're saying, that's all we want. And I gather from their brief, that's okay with Maryland. So, if they are found in the District of Columbia, carrying this concealed weapon, and charges are brought, they will make their argument. And you, the District of Columbia, will make its argument. But Your Honor, they have stepped back. Sorry. Go ahead. They have stepped back from their position in the prior appeal. But if they had come to the court in the prior appeal and said, it doesn't matter if we satisfy the other elements. It doesn't matter if we have IDs. They didn't. We just want to- Can I read again? This is my fourth time. In the brief to us, in the brief in the prior case, the statute allows states limited measure of discretion over Leosha eligibility, in that state agencies may choose or not to issue the identification cards necessary to exercise Leosha right to carry right. Yes, they conceded that, but they said they had the IDs. That was irrelevant, because they said they had the IDs. No, no, we did not determine that they had all of what they needed. And they conceded that we could not, or they were not asking us to compel the grant of identification cards. That issue was not before the court, because they said they had the IDs. The court didn't, they did concede that we had no obligation to issue the IDs, but the court didn't have to reach that issue, because they said they had the IDs. We did not, where do you think we said in Dewberry 1 that what they were presenting as an ID we were conclusively determining was satisfactory? No, in 1286 the court accepted their allegations. It didn't say, but if the fact that they had the ID was part of the court's reasoning that they had stated an actionable claim under, that they came within the class of people that Leosha was entitled to benefit, because they were qualified law, retired law enforcement officers, and they had the ID. They were, they had a cause of action under blessing, because they came within the class. Summary judgment, and they made the same concession to the district court. We are not making a claim for an identification. So, all right, let's assume you're right, that we just looked at it as a 1286, and facially they said something. We didn't decide the issue, we just noticed it facially, but when push came to shove on summary judgment back in the district court, they made the same concession. And the district court said, we're deciding nothing about identification. On appeal, they said they had the IDs. On remand, they chose not to establish that they had the IDs. Without those IDs, they have no right to carry under Leosha, and no right to a judgment that says we violated their right to carry under Leosha. But there's also a requirement under the statute that they have had the requisite training in the last 12 months. The district court said that it wasn't making any finding with that respect. Dubarry 1, we said that those requirements weren't before us, and we weren't dealing with them. And I guess what you seem to be arguing is that the only way that they can prevail for section 1983 purposes, and I guess it's because you don't want to have to pay their attorney's fees, is if they can establish every single requirement under the statute that shows that they meet the Leosha requirements. But that's not what we held in Dubarry 1. And I'm not understanding your argument as to kind of like why we have to hold that in order for them to get a limited summary judgment relief that they have received. Under Dubarry 1, they had stated a cause of action that they had been deprived of the right to carry under Leosha because they said they had IDs and the court deemed them to be qualified. So the only barrier, the sole barrier there to their exercising their right, was the district's interference with their right to get the firearms training. What the district was saying, they're not qualified officers eligible to get. So the court said, no, they're qualified. You cannot deny that they're qualified retired law enforcement officers. And that they stay the cause of action under blessing because they're within the class of people that Congress intended to benefit because they have IDs assumed under 12B6 analysis. And the court deemed them to be qualified retired law enforcement officers. Then on remand, they say, well, no, part of the case that the court deemed important on appeal, that they had satisfied the identification element regardless of whether we had a legal duty to issue the IDs. They just decided not to establish that element of their case. Isn't it relevant that the court issued a declaratory judgment here as opposed to an injunction or any kind of monetary damages? Let's suppose that in their complaint, they said, they alleged, we're retired Department of Corrections officers. And the district has told us that before they will give us any sort of identification or certification, that we will have to do double the training of active officers in firearms. That if it's a 20 hour training for active officers, that we have to do 40 hours of training annually before they'll give us the certification. And they said that that violates the statute because the statute says that we only have to fulfill the same requirements of active officers. And we want declaratory relief under section 1983, saying that we only have to do 20 hours, the same as active duty. Are you saying that that's not a valid section 1983 claim? That might be if the court said that the district's refusal to acknowledge them as was interfering, the district's refusal to acknowledge them as qualified officers was interfering with their right to take the 10 hours. But let me focus the court's attention on their motion to amend. So why, if focusing in on one aspect where the district is not complying with the statute is sufficient to kind of like state a claim or entitle them to judge you. Well, then why has the district court erred here? Well, the court's hypothetical, as I read it, was whether or not they could meet the requirements for qualified retired law enforcement officers. And the court said in Dewberry 1, they qualify and the court cannot interfere with them. The court cannot, the district cannot say they're not qualified, so as to interfere with them getting the firearms training. But if you look at what they're asking for in the motion to amend that was recently filed in the district court, the district is issuing letters saying, yes DC correctional officers are qualified retired law enforcement officers, but we don't give them the IDs they need under LEOSA and therefore we don't think they're qualified under LEOSA. Plaintiffs have moved to say that that violates the court's judgment, that that violates, they think the court's judgment gives them an entitlement to carry under LEOSA. It does not. Well, it might be that they don't like everything after the first sentence in your letters. All right. Statements, whatever you're, we don't know what that's all about. Right. Well, the district has a right to say they are not entitled to carry under LEOSA because. It's not this case. All we're trying to figure out is why you think you have anything to bring to us. They have not established a violation of the right that, they have not established that the district deprived them of a right to carry because they don't have the requisite IDs. So, this is just like a sub-element. This is like a negligence case where they establish duty of care, but not injury or causation. They don't have all the elements of their case. It truly is that the district court is merely parroting what we held initially. Right. All right. And it didn't go any further. That's all. As the fight was over, you're refusing to acknowledge that correctional officers were law enforcers. It's the difference between 12 v. 6 and summary judgment, Your Honor. This court is. But what I think you're not happy about, and it may be for the reason Judge Wilkins said, although happiness is not the issue, is that the plaintiffs may have anticipated that you would prevail on some of these other points. But once they had the opinion from this court, all they had to do on remand was meet their burden for summary judgment under this court's interpretation of the statute. They didn't have to go further. And your argument, as far as what can occur within the District of Columbia, remains to be decided. Right. It's not before us. But if it remains to be decided whether they're entitled to carry under LEOSA, they have not established a violation. They've established that they have a legally enforceable right. There are a couple of other things they can and cannot do that may come into play later on. But they're not before us. I'll just finish by reiterating. The legally enforceable right is the right to carry. It is not the right to be qualified as to be labeled a qualified retired law enforcement officer under one of two criteria under the law. The right to carry requires both being a qualified officer and the IDs, and they just simply fail to establish that element of their case. Well, I think at some point the district needs to re-evaluate the reasonableness of the positions that it's taking with respect to these firearms statutes and regulations. Some of the positions that you've taken in the briefing in this case with respect to the power of arrest, et cetera, border, in my mind, on privilege. Your Honor. That's just one judge's opinion. We cite five or six district court cases from around the country, including Heinrichs in the Illinois district, that says states have no obligation to issue the IDs. There, they didn't issue them to sheriffs whose duties were guarding prisoners in courts. So to the extent there are at least five or six district courts have agreed with us that there's no duty to issue the ID, and that states have the discretion and prerogative about who to issue them to, and that that is not synonymous with being a qualified retired law enforcement officer. All right. Good morning, Your Honors. Aaron Page representing Mr. Stubery, Curtis, and Smith in this matter. Let's see. We've had a good discussion here. I'm sort of processing and digesting how I can be most helpful at this point. I did want to follow up on this point about the stepped-back notion, that we sort of stepped back, and the claim that the district is still making, which is unfortunate, that we said we had these IDs specifically, or what we said earlier about the IDs that we had. And I think we were – I just want to make sure that it's pretty clear that we have been consistent on this and that the portion of the – Right. That's all I meant by stepped back. It's your language, not mine. Well, so the language from Dubery 1 – and I certainly am humble here, acknowledging that I'm talking to the author of that opinion. Well, remember, we took the allegation, so the complaint is true. Right. We had to at that stage of the proceedings. Okay, so the relevant paragraph that they're citing, each appellant has a photo identification card issued by the D.C. Department of Corrections stating that he is a retired employee. Okay, so this – the new – the reason why we're here three years later is because they're saying there aren't the right magic words on the ID, right? It doesn't say the right thing. And I keep focusing on the different procedural posture of the case. Right. Let's see. In other words, in Dubery 1, we had to take the allegations of the complaint as true. You said you had these cards. It said what needed to be said. Right. We had the cards. Now you had to go back to the district court to respond to the District of Columbia's motion for humbling judgment. And you made decisions in the district court as to what you were going to pursue. Absolutely, absolutely. I don't think your brief suggests that you're trying to get more out of the district court than the district court gave you. Well, I think there's a misunderstanding, Your Honor, because it's complicated because there's two IDs, right? There's a historical ID, this Title 22 card, and then there's a current ID. So this is why the District of Columbia is arguing with us now. Right. Because we're a moving target here. So it's a complicated target. I don't think it's moving. And can I just explain? Because I do think the one of the things I focus on is the quotation that they use from Dubery 1 has paragraph citations to our complaint. So the court went back and looked at our complaint and pulled out particular things. And it says they have a photo identification card saying is a retired employee citation to paragraph 56. And that's what paragraph 56 of our complaint says, employee. It doesn't say we have cards that say the magic word officer on it. It says employee. And then it says had the authority to make, to arrest, and apprehend, and act in law enforcement custody. That's the Title 22 cards. And then there's citations to the relevant paragraphs of the complaint that talk about those. So the language, as far as I can tell, Dubery 1 got this fairly complicated, nuanced point, got it right. Okay. There's the current ID that says employee. There's the old ID that said powers of arrest. Okay. And we've never said that we had anything other than the current ID that says employee. Now, do we say that we have ID that's sufficient for subsection D to A of the statute? Yes. That's our current position. It is, and I'd like to, you know, I'd be happy to put some more. It's very clear to me that in the case before us in Dubery 1, that wasn't in play because you conceded it. You said, essentially said we understand. We'd love for you to accept what we have as an ID as being good enough, but we understand that's within the discretion of the State to grant it or not. Absolutely. That's the way I've understood your position. I don't see the complaining consistent with that. You're being cute in the complaint in that you're saying we have an ID and it says we're an employee, but that's not the question. So you never really, and when you push came to shove in Dubery 1, you said to the court, States have the discretion. In this case, because I was trying to figure out what you're looking for, in this case, at the end of your brief, you make it very clear, sure, we'd love it if you say what we have as an ID is good enough. We understand that may not be the case because it doesn't use the magic words, but we just want the affirmance so that we have a declaration that we have enforceable rights, and if we have to take it to D.C. courts, we'll do it. I agree 100 percent with that. That's absolutely correct. And, you know, to some degree, this is the issue that there isn't a statute that's not put in place, some sort of overarching federal authority that issues these types of IDs. So, you know, we are dealing with a context where it falls to the individual to carry the ID as they see fit. And we sketch out, and I'd be happy to add a little bit more to this, why their current ID is, you know, we do think are sufficient, and that's a decision for the individual, for Mr. Dubery and for the other plaintiffs. You know, but there are many good reasons why their current ID is perfectly satisfactory. But to make sure that we're all clear here, to follow up on Judge Edwards' question, you are not asking the district court to issue an order compelling the district to give your clients an ID that meets the requirements of subsection D of the statute. Absolutely not. No, and the injunctive relief that was mentioned, and again, this is not before this court. It's not part of the case. But the injunctive relief, the very limited injunctive relief that is being sought right now below, it actually targets parts of the communication in which we think they are resisting the conclusion of the court on the eligibility question. It's not saying that they need to issue IDs. It's not saying that they can't state the truth of what, you know, they can't state what they were stating otherwise. It's going to the fact that we think that there were communications that were made that were resisting the factual conclusions made by the district court. You're not asking for anything more. This court said in a footnote 8 that I referenced, instead this court only concludes that plaintiff meets the requirements stated in subsection C1 to 3. That's it. Nothing about D. We're not talking about identification. We're not talking about training. We're not talking about whether you're under the influence of alcohol or anything else. You're talking about, that's what the district court assumed. Your argument to us in the first case said the same thing. Yep. We're not saying, we're not making a request for identification. I just, I'm really perplexed as to where this other argument is coming from. I just want to make sure that I'm reading your position correctly. That's 100% correct. Yeah, no, that's, and that is meaningful relief. It opens up a panoply of options right now. Again, actual carry right now, you know, potential future stuff. And we discussed this in the brief, but you have it exactly right. That's the scope. That's what we're asking for. So, let's see. I mean, I, if the court doesn't have any further questions, I may. Do you disagree with the District of Columbia that you have to have, if your clients are stopped and charged, that they have to have a card that, I'm going to say the District of Columbia at this point, argues you have to have, if a court agrees with that? Right. We disagree. It's outside of the scope here, but we disagree. We think, listen, the point of that ID provision of the statute is to identify them as law enforcement officers. Not that you disagree, but you acknowledge that this circumstance could arise, type of thing. Oh, sure. Yeah, yeah. No, and that's the thing, is that this is going to go, you know, the reality is, some other courts in Leosa have noted that there's a fair number of front-line enforcement problems, I think is one court said, you know. And having the magic words on this ID does not solve any of these enforcement problems, by the way, because it doesn't, that wouldn't answer the question of whether or not there's a federal bar to having a firearm, or whether or not the person even worked for five years or ten years, or anything like that. So the ID doesn't solve these problems. There are these problems, and to some degree, the reason why all these states, D.C. included, I believe, has started issuing Leosa-specific cards is trying to address all of these problems. But there is, there's always going to be some measure of concern about, yeah, a traffic stop where, you know, where a retired officer says, listen, I'm carrying under Leosa, and suddenly, you know, what is the responding officer is looking at this statute being like, okay, do you have this, or you have this, did you do the five years, and it's a complicated situation. And so they are seeking, to some degree, they are seeking the assurance of, hey, we want to be able to apply for these Leosa cards at the district issues, because it would give us that extra assurance against a misunderstanding. So your brief has that footnote six that says the District of Columbia is among the jurisdictions that issues such a Leosa permit. That's our understanding, yeah. Which is not even a creature of statute. This appears to be a creature that was invented by the states to address the frontline enforcement problem. So when you say it's your understanding, are you telling me you don't know if that's true? I've seen the applications for these cards, and I've heard about them. I mean, it's outside of the scope of what we were asking for at the district level. No, no, but in your brief, and you say C-E-G 14-12-58. It's 71 at 6. Yeah, so we've seen applications for this, right? There's an application procedure for a Leosa permit. All right, I'll withdraw my question. And we've tried to apply for it. Anyway, among the relief that we would get is if the D.C. is already issuing these permits as part of a scheme and is suddenly deciding that contrary to the eligibility required of Leosa, they're going to just exclude one group of eligible officers, that might give us some relief somewhere else. You mean exclude by failing to give IDs? What do you mean exclude? Well, I think we're, again, right. You have to have an ID in order to be able to exercise this right, right? Yeah, exactly. Yeah. So if they have this, if they have a regime in place that's issuing this supplemental ID that is designed to just assure against misunderstandings, and then they're issuing it to like most officers, but then they're going to say, oh, we're not going to issue it to this class of officers that is otherwise eligible under Leosa, that might give us a claim for relief in a separate proceeding, because that might be arbitrary and capricious through decision making. There might be other, you know, it might be contrary to Leosa under a much narrower Section 1983. But you're not asking for any such relief? That is not part of this case, 100%. Let me ask you one last question just to throw a monkey wrench in it. D.C. has not raised this, curiously. Okay. Do you satisfy Article III standing? Is there any redress at the end of the day? When you leave with what you have, they're not raising the claim. When you leave with the end of the day, can the court get, has the court given you the relief which you want, which is the ability to get right to carry? Yeah, absolutely. I mean, and I think we have this status, which is an important status, and I think I heard in some of your comments earlier, Judge Edwards, that it does open up other options. But actually, as of now, right, it also provides, I mean, if you look at what happened in Maryland, and our position here is that the IDs that they have, by identifying them as employees, are sufficient because in any case where you're presenting an ID, it's not necessarily the end of the matter. There's going to be some, like if you get pulled over and you provide your driver's license for an arresting officer, they don't just look at it and give it back to you. They take it back to the patrol car and they run some checks on it. All right, but we're getting beyond the record, right? Okay, I'm sorry. There, we have, it gives us a lot more tools right now, both to carry right now under our current ID. It gives us options in the future, potentially to get an improved ID or to get one of these supplemental assurance kind of LEOSA cards in the future. So we have, it does provide a lot of concrete relief. And frankly, you know, it's already provided a lot of concrete relief. All right, anything further? Thank you very much. First, paragraph 61 of their complaint, they did allege that they have identification cards that state they are law enforcement officers. They did state that they had IDs that had those magic words and that was part of the court's reasoning under 12B6 that they had stated a claim that they had been denied the right to carry under LEOSA. And the plaintiffs don't get, well, whether you see this case as redressability or causation, they don't, they have not established the violation of a federal right. They don't have a right to carry under LEOSA without the IDs. And they don't get to define what the right is by saying one thing when they were before this court. They're not claiming they have a right to carry without the ID. Well, they're claiming that they've established a violation of LEOSA. They are claiming that the district denied them the right to carry under LEOSA. I don't want to go in circles again. But they're not claiming that they can carry without an ID and they can only claim what they can claim about the IDs that they have. That's it. But again, that was an element, that's an element of proving a violation of the law. But the cases change as they litigate. Yes, they do change. And so you can't keep hearkening back to what was at the motion to dismiss stage and not move from it and understand the case's character has completely changed, at least from the perspective that you're raising. You can't keep going back there. We'll just submit they have not proved the elements of a violation of LEOSA. Thank you. Thank you. We will take the case under advisement.
judges: Rogers, Wilkins, Edwards